UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK BEAUPRE,

               Plaintiff,

     -v-

DONALD E. BRIGANDI COMPANY,
INC.,

               Defendant.

26-CV-4019 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On May 14, 2026, Plaintiff Mark Beaupre filed this case in this Court, alleging breach of contract and invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 4 ¶ 3.) Section 1332(a)(1) provides that district courts have original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

The party invoking the federal court's jurisdiction has the burden of establishing that the claims are worth in excess of $75,000—not including interest or costs. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). "A court lacks subject matter jurisdiction where the amount in controversy does not or cannot exceed $75,000." *Amendola v. Cavallero*, No. 23-CV-10607, 2025 WL 81383, at *4 (S.D.N.Y. Jan. 13, 2025)

In assessing damages in a breach of contract case, "it is axiomatic that a party injured by a breach of contract must be placed in the same economic position it would have been in had the contract been fully performed." *Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04-CV-10250, 2008 WL 2073628, at *6 (S.D.N.Y. May 14, 2008). Here, Plaintiff's own allegations regarding the alleged breach of contract establish damages far below the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiff alleges that he

1

purchased only two items covered by contract: one for $18,550 and another for $24,130.  (ECF No. 4 ¶¶ 5, 8.)  Therefore, taken together, Plaintiff's two purchases total just $42,680—well short of the jurisdictional minimum.  Even so, Plaintiff states that his monetary damages total "not less than $100,000."  (*Id.* at 7.)  However, there are no factual allegations supporting such recovery, and mere speculation about potential additional recovery is insufficient to satisfy Plaintiff's burden.  *Panchitkaew v. Blue Ridge Beverage Grp. Co., Inc.*, No. 19-CV-6869, 2020 WL 3035216, at *2 (E.D.N.Y. June 5, 2020) ("The amount in controversy must be non-speculative in order to satisfy the statute.")  Accordingly, Plaintiff has failed to establish that the amount in controversy requirement has been met.

For the foregoing reasons, this case is DISMISSED without prejudice.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  May 18, 2026
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

2